**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Trust for Historic Preservation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Raymond Suazo, et al.,<br><br>Defendants. | No. CV-13-01973-PHX-DGC<br><br>**ORDER AND INJUNCTION** |

This case involves the Bureau of Land Management's ("BLM") decision to allow recreational target shooting throughout the Sonoran Desert National Monument. The Court previously found that this decision violated BLM's duty under a Presidential Proclamation to manage the Monument so as to protect the "objects" of the Monument. The Court also found that portions of BLM's environmental impact statement violated the National Environmental Protection Act. The Court therefore vacated BLM's decision regarding shooting and remanded the issue "to BLM for reconsideration of that decision in light of the shortcomings identified in this order." Doc. 43 at 22-23.

Plaintiffs subsequently filed a motion for injunctive relief. The Court found that injunctive relief was appropriate, but that further evidence was needed to craft the injunction. Doc. 54. The Court ordered an appropriate representative of the Bureau of Land Management ("BLM") to submit an affidavit addressing: "(1) the earliest practicable date by which BLM can comply with the Court's previous order (Doc. 43);

and (2) recommended interim measures that will limit the damage that recreational shooting is inflicting on Monument objects, including but not limited to damage to animals and their habitats, protected plants and vegetation, sites of historic or archeological significance, and areas used by the public." Doc. 54 at 12. Defendants have submitted the requested affidavit and Plaintiffs have responded. Docs. 55, 56.

**I.      Parties' Recommendations Regarding Scope of Injunction.**

Ronald C. Tipton, the acting field manager for BLM's Lower Sonoran Field Office, has submitted an affidavit addressing the issues identified by the Court. Doc. 55-1. Tipton states that September 30, 2017 is the earliest practicable date by which BLM can comply the Court's previous order. *Id.*, ¶ 6. As for interim measures that will limit the damage that recreational shooting is inflicting on Monument objects, Tipton states:

> [A]fter reviewing the Court's order the BLM notes that the area along the El Paso Natural Gas Pipeline right-of-way has been identified as having concentrated target shooting that may be unsuitable for this activity. The SDNM Recreational Target Shooting Analysis . . . included photographs of the effects of concentrated target shooting from this area . . . including incidents of vandalism to public lands, government property, and Monument objects . . . . Intensively-used shooting sites tend to be "adjacent to vehicle routes" . . . with the shooting sites along the El Paso Natural Gas Pipeline the most easily accessible of the Monument. Such harm to Monument objects is less likely to occur from dispersed recreational target shooting where access by vehicle is more difficult and fewer numbers of target shooters congregate. Based on these observations, the BLM recommends that closure of this area may be effective in limiting damage to Monument objects. Closing this area is likely to redirect recreational target shooters to public lands outside the Monument, thereby eliminating concentrated impacts to Monument objects. This area includes a one quarter-mile wide area adjacent to the El Paso Natural Gas Pipeline right-of-way, where that right-of-way forms the northern boundary of the Monument, including an area extending one quarter-mile to either side of BLM Route 8001.

*Id.*, ¶ 7. Tipton also states that BLM law enforcement will regularly patrol the area he has identified, as well as other areas. *Id.*, ¶ 8. Finally, Tipton affirms that "BLM will continue to engage in education and outreach efforts to all parties interested in recreational target shooting on the Monument." *Id.*, ¶ 9.

Plaintiffs have responded to Tipton's affidavit. Doc. 56. They state that they do not object to the September 30, 2017 deadline, "so long as meaningful interim closures

are in place to protect the Monument's objects from target shooting." Doc. 56 at 4. Plaintiffs point out many problems with BLM's proposals. The area that BLM proposes to close off to recreational shooting covers only three percent of the Monument's acreage. This interim measure, they assert, would not ameliorate the environmental harm that shooting inflicts on approximately 97% of the Monument. The Juan Bautista de Anza National Historic Trail in particular would remain open to the harms caused by target shooting. Finally, Plaintiffs argue that BLM's proposals to continue education and outreach efforts, as well as to patrol the Monument to ensure compliance with regulations, are similar to the administrative actions that the Court previously found to be inconsistent with BLM's duty to protect Monument objects. *See* Doc. 43 at 11-14.

Instead of BLM's proposal, Plaintiffs recommend that the Court order the closure of an area that BLM had previously identified as being unsuitable for target shooting due to the "significant presence" of Monument objects. *See* A.R. 22034. This area encompasses approximately 80.2% of the Monument and includes Monument objects such as the palo verde mixed cacti community, the habitat of the Sonoran desert tortoise, and historic and cultural sites. *Id.* Plaintiffs stress that their approach prevents harm to Monument objects while still allowing shooting within portions of the Monument.

**II.  Analysis.**

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). "A district court has 'broad latitude in fashioning equitable relief when necessary to remedy an established wrong.'" *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 641 (9th Cir. 2004) (citation omitted). A district court can abuse its discretion "by deferring to agency views concerning the equitable prerequisites for an injunction," *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1186 (9th Cir. 2011), or by crafting an overbroad injunction, *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991).

1    The Court is confronted with widely differing proposals. BLM's proposal would
2 protect only three percent of the Monument, although Plaintiffs do not dispute that it is a
3 three percent that sees heavy shooting activity. Plaintiffs' proposal would close most of
4 the Monument. *See* Doc. 56-1 at 29. The Court could order an evidentiary hearing to
5 address these divergent proposals, but BLM is already preparing a new resource
6 management plan and the Court is reluctant to engage in an analysis of which measures
7 best protect Monument objects while BLM is engaged in the same analysis. As
8 explained by the Ninth Circuit:

> In a variety of settings, including protection of the environment, the Ninth Circuit has shown considerable deference for factual and technical determinations implicating substantial agency expertise. . . . [D]etermining what measures are needed through extensive fact intensive inquiry is precisely the purpose of the long term environmental review ordered by the district court . . . . It would be odd to require the district court to conduct an extensive inquiry, which would by nature involve scientific determinations, in order to support interim measures that are designed to temporarily protect the environment while the BLM conducts studies in order to make the very same scientific determinations.

*Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 831 (9th Cir. 2002).

16    The Court is not well-enough informed enough to craft an injunction different
17 from the parties' proposals, and therefore must accept one or the other. Given the drastic
18 nature of injunctive relief and the deference courts generally should afford agency
19 judgments, the Court will adopt BLM's proposed interim measure. By this decision, the
20 Court does not intend to imply what result should come from BLM's renewed
21 examination of the Monument's protection.

22   **IT IS ORDERED:**

23   1.   By September 30, 2017, BLM shall complete its reconsideration of the
24        portions of the ROD, RMP, and Final EIS that the Court found deficient in
25        its previous order (Doc. 43).
26   2.   Within 60 days of this order, BLM shall implement the interim measures
27        that Ronald Tipton proposed in his affidavit (Doc. 55-1). These measures
28        shall include prohibiting recreational target shooting within the area

identified in the affidavit and the accompanying map (Doc. 55-2).

3. The Clerk shall enter a final judgment in this case.

Dated this 17th day of July, 2015.

_____
David G. Campbell
United States District Judge

- 5 -